◼ KENNETH HALE, Respondent, v. ST. VINCENT'S HOSPITAL OF THE CITY OF NEW YORK, Defendant, and PENNSYLVANIA THRESHERMEN & FARMERS MUTUAL INSURANCE COMPANY, Appellant.— Order entered April 15, 1966, denying defendant Pennsylvania Threshermen & Farmers Mutual Insurance Company's motion to strike interrogatories, unanimously modified, on the law and on the facts, to the extent of striking items 15 and 16 of the interrogatories, and, as so modified, affirmed, without costs or disbursements. The interrogatories are relevant on the existence of a lien. The examination may not be had as to conclusory matters of law. (*Meth* v. *Schloss*, 256 App. Div. 202.) Concur — Botein, P. J., McNally, Stevens, Steuer and Bastow, JJ.

◼ In the Matter of the Arbitration between RAYMOND FEIDEN, Respondent, and ANNE EISENBERG, Appellant.— Order entered on June 23, 1966, on motion to stay arbitration, unanimously modified, on the law and the facts, by striking out all ordering paragraphs and ordering in lieu thereof that the arbitration proceed in accord with the notice served, with $30 costs and disbursements to appellant. Special Term found that respondent was entitled to proceed to arbitration but found fault with the demand for arbitration. The court then directed that a new notice be served, provided for the service of an answer by appellant, and stayed proceedings in two actions instituted by appellant. The arbitration was sought in regard to transactions in a corporation, of which the parties are stockholders, pursuant to a stockholders' agreement providing for arbitration. The actions concern another corporation and a partnership in which the parties have interests, but there are no applicable agreements to arbitrate the disputes which may arise between the parties in regard to these entities. As a consequence, respondent could not be compelled to arbitrate in regard to them, nor could it be made a condition to her right to arbitrate the dispute as to which there was an agreement. This being so, there is no occasion for staying the actions instituted. Nor are there any grounds for requiring the service of papers in the nature of pleadings in an arbitration proceeding other than those provided by statute or by the agreement to arbitrate. Motion for a stay of arbitration pending appeal dismissed, without costs, having become academic by virtue of the decision of this court, decided herewith. Concur — Botein, P. J., McNally, Stevens, Steuer and Bastow, JJ.